UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN A. ZANDI,<br><br>    Plaintiff,<br><br>v.<br><br>HOUDA BAHRI et al.,<br><br>    Defendants. | Case No. 2:24-cv-00624-SB-BFM<br><br>ORDER TO SHOW CAUSE RE SUBJECT MATTER JURISDICTION |

      Plaintiff Jonathan A. Zandi brings this fraud case against Defendants Houda Bahri, Islamic Center of Washington D.C., and the U.S. Citizenship and Immigration Services.  Dkt. No. 1.  Although Plaintiff does not address this Court's subject-matter jurisdiction in the complaint, he appears to bring this case on diversity grounds.  *See* Dkt. No. 1-1 at 1.

      Federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress.  *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  This Court has a duty to assess whether federal subject-matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings.  *See* *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also* *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

      A federal district court has original jurisdiction over a civil action when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).  Complete diversity means that each of the plaintiffs must be a citizen of a different state than each of the defendants.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

  Plaintiff asserts in the civil cover sheet that this Court has diversity jurisdiction on the basis that at least one Defendant (it appears to be "Defendant #1") is a citizen of this state and Plaintiff is a citizen of another state.  Dkt. No. 1-1 at 1.  But there are multiple Defendants and Plaintiff does not clearly state the citizenship of each of the Defendants.  Plaintiff also fails to allege that the amount in controversy exceeds $75,000.  Although Plaintiff has a heading for his first count for common law fraud in which he states that this claim exceeds $75,000, the prayer for relief does not seek any damages.  Thus, Plaintiff's complaint fails to properly allege that this Court has diversity jurisdiction.

  Plaintiff is therefore ordered to show cause, in writing, by no later than February 9, 2024, why this Court has jurisdiction over this case by demonstrating complete diversity of citizenship between the parties and that the amount in controversy is satisfied. *Failure to timely comply will result in dismissal for lack of subject-matter jurisdiction.*

Date: January 29, 2024

                          Stanley Blumenfeld, Jr.
                          United States District Judge